UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JAY PATRICK MOUNT,

    Petitioner,

v.                                              No. CV 16-657 JAP/KBM
                                                CR 13-964 JAP

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM OPINION AND ORDER

    Petitioner Jay Patrick Mount (Petitioner) has moved to correct his sentence, arguing that he is not a career offender because his prior robbery convictions do not qualify as crimes of violence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* MR. MOUNT'S MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 1) (Motion). The United States opposes the Motion, contending that Petitioner waived his right to collateral review. *See* UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (Doc. No. 6) (Response). Petitioner argues that his waiver is unenforceable. *See* MR. MOUNT'S REPLY TO THE UNITED STATES' RESPONSE TO HIS MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 7) (Reply). But because Petitioner has not alleged any error that would render his waiver unlawful, the Court will enforce the waiver and dismiss the Motion.

## I. BACKGROUND

In February of 2014, Petitioner entered into a plea agreement under Fed. R. Crim. P. 11(c)(1)(C) and pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). *United States v. Mount*, No. CR 13-0964 JAP (D.N.M. May 16, 2014), Doc. No. 45 ¶ 4. The penalty for bank robbery is a maximum of twenty years' imprisonment. 18 U.S.C. § 2113(a). The plea agreement acknowledged that Petitioner was a career offender, subject to an enhanced offense level and criminal history category. *Mount*, No. CR 13-0964 JAP, Doc. No. 45 ¶ 10; U.S.S.G. § 4B1.1. As a career offender, the advisory Sentencing Guidelines range applicable to Petitioner was 151–188 months. *Mount*, No. CR 13-0964 JAP, Doc. No. 45 ¶ 10. Instead, the plea agreement specified a below-Guidelines sentence of 120 months. *Id.* As a condition of his plea, Petitioner agreed to waive his right to collaterally attack his conviction under 28 U.S.C. § 2255 except as to claims of ineffective assistance of counsel. *Id.* at ¶ 14.

Nevertheless, Petitioner now seeks to raise just such a challenge. *See* Mot. at 1. Petitioner contends that he is not a career offender because his prior robbery convictions do not require an element of force so are not crimes of violence after *Johnson*. *Id.* at 4, 11. He asks the Court to find that his waiver of collateral review does not bar this claim and to vacate his sentence. *Id.* at 4–5. The United States asserts that Petitioner's waiver is valid and enforceable, so that the Motion should be dismissed. Resp. at 5.

## II. DISCUSSION

"A waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). An exception is made if enforcement of the waiver would result in a miscarriage of

justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). But a miscarriage of justice occurs only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327. "This list is exclusive: enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated above." *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (internal quotation marks omitted). Additionally, error does not make a waiver "otherwise unlawful" unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1327 (brackets and internal quotation marks omitted).

It is undisputed that Petitioner's plea agreement contained an explicit waiver of his right to bring a collateral challenge under § 2255 on any issue other than ineffective assistance of counsel in negotiating or entering the plea or the waiver. *Mount*, No. CR 13-0964 JAP, Doc. No. 45 ¶ 14; Resp. at 2; Reply at 1–2. Petitioner's plea agreement reflects that he acknowledged his appellate rights and knowingly waived them, and that his plea was voluntarily made. *Mount*, No. CR 13-0964 JAP, Doc. No. 45 ¶¶ 14, 17. Petitioner does not argue that his claim falls outside the scope of his waiver or that the waiver was not knowing and voluntary, but instead maintains that enforcement of his waiver would result in a miscarriage of justice because his erroneous sentence was fundamentally unfair. Mot. at 4–5; Reply at 2–5.

Petitioner cites to *United States v. Madrid*, 805 F.3d 1204, 1212 (10th Cir. 2015), in which the Tenth Circuit concluded that the imposition of a sentence under the residual clause undermined the fundamental fairness of the proceedings. In *United States v. Daugherty*, 2016 WL 4442801, *6–*7 (N.D. Okla. 2016) (unpublished), the district court relied on *Madrid* to

conclude that the enforcement of a waiver to prevent a challenge to such a sentence would result in a miscarriage of justice because the error being raised affected the fundamental fairness of the sentencing proceedings.

But the Tenth Circuit Court of Appeals has made it clear that the error rendering a waiver "otherwise unlawful" must relate to the waiver itself, not to another aspect of the proceedings. *See Polly*, 630 F.3d at 1001–02; *United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008); *United States v. Smith*, 500 F.3d 1206, 1212–13 (10th Cir. 2007); *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) ("Our inquiry [under the fourth exception] is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible."). "To allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive." *Smith*, 500 F.3d at 1213.

That an error is based on a constitutional claim or an intervening change in the law does not change this analysis. *United States v. Frazier-LeFear*, ___ F. App'x ___, 2016 WL 7240134, *3 (10th Cir. Dec. 15, 2016) (waiver provision in Fed. R. Crim. P. 11(c)(1)(C) plea agreement is enforceable to compel dismissal of a *Johnson*-based challenge to a sentence as a career offender). Because Petitioner has not alleged any error that relates to his waiver itself, the Court concludes that the waiver is enforceable and that Petitioner's claim under § 2255 is barred.

The Court further determines, under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Petitioner has failed to make a substantial showing that he has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2). Accordingly, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that MR. MOUNT'S MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 1) is DISMISSED with prejudice; a certificate of appealability is DENIED; and Final Judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE